STATE OF VERMONT

ENVIRONMENTAL COURT

Village of Ludlow }
}
}
v. } Docket No. 212-11-99 Vtec
}
William S. Kennedy, }
Francine Kawasch-Kennedy, }
Sheila Kawasch, and }
Ludlow Cooking Co. }
}

Decision and Order on Motion to Dismiss

The Village of Ludlow filed a complaint alleging that Defendants have violated the Village's Zoning Ordinance pertaining to signs. The Village of Ludlow is represented by J. Christopher Callahan, Esq.; Defendants are represented by Martin Nitka, Esq. Defendants have moved to dismiss the complaint, arguing that this Court lacks jurisdiction of an action to enforce the Village's Sign and Outdoor Advertising Ordinance adopted by the Board of Trustees in 1999 (the 1999 Sign Ordinance), which enforcement action should instead be filed in the Vermont Judicial Bureau under §15 of that ordinance.

The 1999 Sign Ordinance was adopted by the Board of Trustees under the authority of both Chapter 117 and Chapter 59 of title 24 of the Vermont Statutes Annotated. Section 19 of the 1999 Sign Ordinance provided that "[t]his Ordinance will become effective upon adoption by the voters of the Village of Ludlow in special meeting to be held on the thirtieth day of November, 1999." At the special meeting, the voters did not adopt the 1999 Sign Ordinance. The Village argues that the 1999 Sign Ordinance never took effect, and that the present enforcement action is brought to enforce the Village's Zoning and Flood Hazard Regulations adopted in 1990 and in effect at the time of a Notice of Violation issued to Defendants in July of 1999.

Although neither 24 V.S.A. §1972 nor §4404 requires referendum approval of an ordinance which has been adopted by the legislative body of an urban municipality, the

1

Court can find nothing prohibiting a legislative body from writing into an ordinance a requirement for such voter approval before the ordinance may take effect. The Board of Trustees took this approach, the 1999 Sign Ordinance was not approved by the voters, and it failed to take effect, leaving the prior zoning ordinance in effect with respect to the regulation of signs in the Village. Accordingly, Defendants' Motion to Dismiss is DENIED.

However, it appears from Defendants' answer and from the attachments filed by the parties that the parties dispute whether a timely appeal was filed of the Notice of Violation which underlies this enforcement action. Accordingly, we will hold a telephone conference to be scheduled for April 7, 2000, to discuss whether the circumstances surrounding the filing of that Notice of Appeal should be the subject of a motion for summary judgment, or a partial evidentiary hearing, so that those questions may be resolved in advance of the hearing on the enforcement action.

Done at Barre, Vermont, this 17th day of March, 2000.

_____
        Merideth Wright
        Environmental Judge